UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Douglas C. Irwin,** | ) | **CASE NO. 1: 17 CV 44** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Job and Family Services,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* plaintiff Douglas C. Irwin has filed this *in forma pauperis* civil rights action alleging "reverse discrimination" under Title VII of the Civil Rights Act against the Cuyahoga County Department of Job and Family Services ("JFS"); JFS administrators and employees Alfred White, Kenyon Horton, and Valerie Baker; and the Ohio Hearing Review Board. (Doc. No. 1.) He contends he was subjected to reverse discrimination by the defendants in his attempt to obtain food stamp benefits. He alleges he has been required to endure "hardship" to obtain benefits, that he was denied his mail and food stamps, and he asks the Court for "enough money" so he won't "have wellfare/food stamps to deal with . . . such as 11,000,000 million dollars [and] no more walking from westside to east." (*Id.* at 2.)

Although *pro se* pleadings are construed liberally, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982), federal district courts are expressly required, under 28 U.S.C. §1915(e)(2)(B), to screen all *in forma pauperis* actions, and to dismiss before service and such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In order to state a claim on which relief may be granted for purposes of §1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Upon review, the Court finds the plaintiff's complaint must be dismissed.

Although the plaintiff's allegations liberally construed are sufficient to indicate that he has not been able to obtain food stamp benefits, and that he has encountered administrative difficulties and hardship in complying with what he has been required to do to obtain benefits, his allegations are insufficient to support any plausible claim that the defendants have subjected him to unlawful, reverse race discrimination. The only allegations pertaining to race discrimination set forth in the plaintiff's complaint are his own conclusory assertions that he has dealt with "black racist staff members" in his efforts to obtain benefits. (Doc. No. 1 at 2.) These conclusory allegations are insufficient to state any plausible federal reverse discrimination claim against any defendant in the case. *See, e.g, Tucker v. Victor Gelb, Inc.*,

194 F.3d 1314, 1999 WL 801544 (6th Cir. Sept. 28, 1999) (upholding summary dismissal, holding that conclusory allegations of discrimination are insufficient to state a plausible claim).

## Conclusion

Accordingly, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but his action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/3/17